UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAFAEL DANAM,

    Plaintiff,

v.

ELAINE KELLEY, *et al.*,

    Defendants.

Case No.: 2:19-cv-01606-JAD-DJA

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint (ECF No. 1-1) and Motion for Accelerated Approval and Processing (ECF No. 3).

**I.**    *In Forma Pauperis* **Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964, the U.S. Constitution and Nevada Constitution via 42 U.S.C. § 1983, USERRA, and assorted state law claims under NRS 613.200, NRS 200.510, NRS 608.020, NRS 608.040, NRS 608.050, NRS 608.180. *See* Compl. (ECF No. 1-1).

Plaintiff appears to claim he was wrongfully terminated from his employment as a third grade teacher by Elaine Kelley, Principal of Somerset Academy Aliante Charter School. He alleges that his employment ended on August 16, 2019 after he had provided information regarding a revoked substitute certificate from the State of Arizona and constitutional violations by the

Arizona State Board of Education. Further, he claims he was required to take all of his belongings during the time of after-school student pick ups in public view of the staff and his assigned students. Plaintiff also alleges he was discriminated against due to his gender, race, and military service. He further alleges that he submitted a charge to the EEOC. Additionally, Plaintiff alleges he has not been paid his final wages.

As for Plaintiff's Title VII discrimination claims, he conclusorily states that he filed a charge with the EEOC, but does not attach either the charge or the notice of right to sue letter. Without that information, the Court is unable to determine that he has timely exhausted his administrative remedies prior to filing this action. *See* 42 U.S.C. § 2000e–5(f)(1). Additionally, to the extent Plaintiff seeks to allege a Title VII claim against an individual defendant, that is not permitted under Title VII. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII"). Rather, Plaintiff may only bring suit against his former employer, who may be found liable for the actions of its employees under the respondeat superior theory of liability. For his USERRA claim, Plaintiff fails to state sufficient facts for the Court to determine if that statute's protections are invoked here as he does not appear to have been denied reinstatement or otherwise allege any protected activity.

As for Plaintiff's constitutional claims regarding violations of equal protection and due process, they appear to be brought under 42 U.S.C. § 1983, which provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). However, Plaintiff does not assert facts that support a claim under the 14th Amendment, as he has not alleged that he was deprived of life, liberty, or property without due process. U.S. Const. amend XIV. Further, Plaintiff did not allege that Defendants acted under "color of law," which is not plausible given that Defendants are a private employer and its principal. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

For the reasons stated above, the complaint does not state a claim for which relief can be granted under either Title VII, USERRA, or Section 1983. With regard to Plaintiff's Nevada law-based claims - defamation, breach of contract, wrongful termination, and failure to pay last wages and penalties - this Court does not have jurisdiction as state law governs, not federal law, and the

Court will not exercise supplemental jurisdiction, as the court is dismissing plaintiff's federal claims. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367 (a federal court may exercise supplemental jurisdiction over state claims if the court has original jurisdiction over related claims).

The Court notes that Plaintiff has not articulated any federal law that protects him from wrongful termination and under Nevada law, employment is presumed to be at-will. *Yeager v. Harrah's Club, Inc.*, 897 P.2d 1093, 1095 (Nev. 1995). To overcome this presumption, an employee must provide evidence that his employer made oral promises of long-term employment. *Id.* at 1096. With a few exceptions for public policy concerns, an at-will employee can be terminated for any reason or for no reason. *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551, 553–54 (Nev. 1995). As Plaintiff has not provided any evidence to rebut the at-will presumption, his wrongful termination claim is not plausible on its face. Further, to the extent Plaintiff is claiming wrongful termination based on discrimination, NRS § 613.330 contains the appropriate remedy. *Sands Regent v. Valgardson*, 777 P.2d 898, 200 (Nev. 1989) (refusing to recognize a wrongful termination cause of action based on age discrimination where the employee could recover under federal and state discrimination statutes).

Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent he believes that he can state a claim.

## III. Other Requests for Relief

Plaintiff also appears to request that a discovery conference pursuant to Fed.R.Civ.P. 26(f) be set for September 12, 2019 (ECF No. 1-3), which was the same day he filed his *in forma pauperis* application. However, this request is premature as Plaintiff's complaint is being dismissed without prejudice and will be denied as such. Similarly, Plaintiff requests summary judgment on three claims – wrongful termination, failure to pay last wages, and breach of contract. (ECF No. 1-4). As the Court has not permitted these claims to survive screening at this point, his request for summary judgment under Fed.R.Civ.P. 56 is also denied without prejudice as premature. Likewise, Plaintiff requests that a notice be submitted to all parents regarding a trial to be set on his wrongful termination and breach of contract claims. (ECF No. 1-6). Again, as

Plaintiff's complaint is being dismissed without prejudice and no trial date has been set, this request is denied without prejudice as premature. Finally, Plaintiff requests that the Court review his application on shortened time due to his expected military service scheduled from January 30, 2020 through August 15, 2020. (ECF No. 3). As the Court has now reviewed his request to proceed *in forma pauperis*, this request is denied as moot.

**IV.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3. The complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend. Plaintiff will have until **December 2, 2019**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

5. Plaintiff's request for accelerated processing (ECF No. 3) is **denied as moot**.

IT IS SO ORDERED.

Dated: October 28, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE