1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

9   RAFAEL DANAM,

10          Plaintiff,

11   v.

12   ELAINE KELLEY, *et al*.,

13          Defendants.

Case No.: 2:19-cv-01606-JAD-DJA

**ORDER AND**
**REPORT AND RECOMMENDATION**

14          This matter is before the Court on Plaintiff Rafael Danam's Amended Complaint (ECF No.

15   7), filed on November 26, 2019.  The Court previously granted Plaintiff's request to proceed *in*

16   *forma pauperis* and screened the Complaint pursuant to § 1915(e).  (ECF No. 5).  In doing so, the

17   Court dismissed without prejudice Plaintiff's complaint and provided him with leave to amend.

18   As he has now filed an Amended Complaint ("AC") (ECF No. 7), the Court will proceed with

19   screening it.

20   **I.    Screening the AC**

21          Federal courts are given the authority to dismiss a case if the action is legally "frivolous or

22   malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

23   a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

24   complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions

25   as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies

26   could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

27          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

28   for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff attempts to bring claims related to his termination from his employment as a third grade teacher by Elaine Kelley, Principal of Somerset Academy Aliante Charter School, who is the only Defendant named in the AC. *See* AC. (ECF No. 7). He alleges that his employment ended on August 16, 2019 and he was not provided with due process or subject to equal protection prior to being termination. Plaintiff also alleges he was discriminated against due to his gender, race, and military service. He further alleges that he submitted a charge to the EEOC. Additionally, Plaintiff alleges he has not been paid his final wages.

As for Plaintiff's first cause of action, he appears to rely on both federal and Nevada constitution in his effort to state claims for double jeopardy, violation of due process, and violation of equal protection. However, Plaintiff does not assert facts that support a claim under the 14th Amendment, as he has not alleged that he was deprived of life, liberty, or property without due process. U.S. Const. amend XIV. Although he appears to believe there should have been some investigation prior to his termination, it is unclear how Defendant's alleged failure to investigate his prior termination from an Arizona school results in a viable claim for double jeopardy, violation

of due process, and violation of equal protection. Further, there are insufficient facts for the Court to infer that Defendant acted under "color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

As for Plaintiff's second cause of action, he claims there is a contract of employment that rebuts the presumption of at-will employment. *Yeager v. Harrah's Club, Inc.*, 897 P.2d 1093, 1095 (Nev. 1995). He attaches an offer letter signed by Defendant, but not by Plaintiff indicating a one-year contract was offered for the 2019/2020 school year. (ECF No. 7, 48). However, even if the Court credits Plaintiff as having alleged an employment contract with Defendant, it is unclear if a contract was actually entered into as he does not attach a contract – only the offer letter. The offer letter also says he will receive a one-year contract "subject to an initial 90-day evaluation/probation period" so the Court is not able to infer that a contract was entered into when Plaintiff was only working for about a week when he was allegedly terminated. Finally, he appears to be claiming wrongful termination based on discrimination. For that type of claim, NRS § 613.330 contains the appropriate remedy. *Sands Regent v. Valgardson*, 777 P.2d 898, 200 (Nev. 1989) (refusing to recognize a wrongful termination cause of action based on age discrimination where the employee could recover under federal and state discrimination statutes).

As for Plaintiff's fourth cause of action under Title VII, he attaches a notice of right to sue letter dated November 15, 2019. (ECF No. 7, 54-55). However, Defendant Elaine Kelley is not named in the notice of right to sue, only Somerset Academy Aliante Charter School is included. Without the actual charge, the Court is unable to determine that he has timely exhausted his administrative remedies prior to filing this action with respect to the only Defendant named in the AC. *See* 42 U.S.C. § 2000e–5(f)(1). Indeed, Plaintiff's AC lists his national origin, gender, and military status as the bases for his discrimination claim, but the Court is unable to determine which of these bases were raised before the EEOC. Further, despite the Court's prior screening order indicating that USERRA would be the law to raise a discrimination claim on his military status, Plaintiff has not included such facts and authority to state such a claim in the AC. Additionally, to the extent Plaintiff seeks to allege a Title VII claim against an individual defendant, that is not permitted under Title VII. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII"). Rather, Plaintiff

1  may only bring suit against his former employer, who may be found liable for the actions of its

2  employees under the respondeat superior theory of liability.

3  For the reasons stated above, the complaint does not state a claim for which relief can be

4  granted under either Section 1983 or Title VII. With regard to Plaintiff's Nevada law-based claims

5  this Court does not have jurisdiction as state law governs, not federal law, and the Court will not

6  exercise supplemental jurisdiction, as the court is dismissing plaintiff's federal claims. *See* 28

7  U.S.C. § 1331; 28 U.S.C. § 1367 (a federal court may exercise supplemental jurisdiction over state

8  claims if the court has original jurisdiction over related claims).

9  Although it is not clear that the deficiencies identified can be cured, the Court will allow

10  Plaintiff an opportunity to file an amended complaint to the extent he believes that he can state a

11  claim.

12  **II.    Other Motions**

13  Despite the fact that Plaintiff's AC had not yet been screened and he had not been granted

14  leave to proceed on any claims or serve the alleged Defendant, both Plaintiff and Defendant Elaine

15  Kelley have filed motions requesting court intervention. The Court will deal with those in turn.

16  First, Plaintiff filed a Motion for Summary Judgment contemporaneously with his Amended

17  Complaint, indeed it was actually included within his AC (ECF No. 8). This brief is premature as

18  he has not been granted leave to proceed with his AC and the Court recommends that it be denied

19  without prejudice at this point in the litigation. Similarly, Plaintiff filed a request for an "injunctive

20  order" (ECF No. 11) to notify all parents of subpoenas for a jury trial on Plaintiff's wrongful

21  termination claim. Again, as Plaintiff has not yet been permitted to proceed on his AC and there

22  is no jury trial set, the Court does not find any grounds to issue such an order. Moreover, the Court

23  is not aware of any authority that requires it to issue such relief. As such, the Court will recommend

24  that Plaintiff's Motion for Injunctive Order (ECF No. 11) be denied.

25  Plaintiff also filed a Motion for Judicial Intervention (ECF No. 15), which appears to

26  suggest that Plaintiff has attempted to service his unapproved original complaint on Defendants

27  and also, without Court approval, has attempted to utilize the U.S. Marshal's Office to execute

28  service of the unapproved original complaint. Once Plaintiff has been granted leave to proceed

1  on his claims, then the Court will direct service via the U.S. Marshal's Office.  Plaintiff shall
2  refrain from making any further attempts to solicit the U.S. Marshal's Office to complete service
3  without a Court order or to serve Defendant on his own with an unapproved complaint.  Therefore,
4  Plaintiff's Motion for Judicial Intervention (ECF No. 15) will be denied.
5        Finally, Defendant Elaine Kelley made an appearance in this action by opposing Plaintiff's
6  Motion for Summary Judgment, opposing Plaintiff's Motion for Injunctive Order, and filing a
7  Motion to Dismiss.  As the Court had not screened Plaintiff's AC nor let any of the claims proceed,
8  Defendant's Motion to Dismiss (ECF No. 20) is premature.  As a result, the Court recommends
9  that it be denied without prejudice to be renewed once a complaint has been approved to proceed
10 and permitted to be served by the Court.

11 **III.    Conclusion**

12        Accordingly, **IT IS ORDERED** that:

13    1.  The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** providing
14        Plaintiff with leave to amend.  Plaintiff will have until **January 15, 2020**, to file an
15        amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to
16        amend the complaint, Plaintiff is informed that the Court cannot refer to a prior
17        pleading (i.e., the original complaint) in order to make the amended complaint
18        complete. This is because, as a general rule, an amended complaint supersedes the
19        original complaint.   Local Rule 15-1(a) requires that an amended complaint be
20        complete in itself without reference to any prior pleading.  Once a plaintiff files an
21        amended complaint, the original complaint no longer serves any function in the case.
22        Therefore, in an amended complaint, as in an original complaint, each claim and the
23        involvement of each Defendant must be sufficiently alleged.

24    2.  **Failure to comply with this order will result in the recommended dismissal of this**
25        **case.**

26    3.  Plaintiff's Motion for Judicial Intervention (ECF No. 15) is **denied**.

27    / / /

28    / / /

5

Further, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 8) be **denied**.

2. Plaintiff's Motion for Injunctive Order (ECF No. 11) be **denied**.

3. Defendant Elaine Kelley's Motion to Dismiss the Amended Complaint (ECF No. 18) be **denied**.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: December 19, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE