# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAFAEL DANAM,<br><br>    Plaintiff,<br><br>v.<br><br>ELAINE KELLEY, *et al*.,<br><br>    Defendants. | Case No.: 2:19-cv-01606-JAD-DJA<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff Rafael Danam's Second Amended Complaint (ECF No. 24), filed on January 7, 2020. The Court previously granted Plaintiff's request to proceed *in forma pauperis* and screened the Complaint pursuant to § 1915(e). (ECF No. 5). Further, the Court screened his Amended Complaint dismissed without prejudice providing him with leave to amend. (ECF Nos. 22-23). As he has now filed a Second Amended Complaint ("SAC") (ECF No. 24), the Court will proceed with screening it.

**I.    Screening the SAC**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

      In his 47-page SAC, Plaintiff attempts to bring claims related to his termination from his employment as a third grade teacher by Elaine Kelley, Principal of Somerset Academy Aliante Charter School, who is the only Defendant named in the SAC. *See* SAC. (ECF No. 24). He alleges that his employment ended on August 16, 2019 and he was not provided with due process or subject to equal protection prior to being terminated. Plaintiff also alleges he was discriminated against due to his gender, race, and military service. He further alleges that he submitted a charge to the EEOC. Additionally, Plaintiff alleges he has not been paid his final wages.

      Plaintiff's first cause of action suffers from the same defects that the Court highlighted in screening his AC. He appears to rely on both the federal and Nevada constitutions in his effort to state claims for double jeopardy, violation of due process, and violation of equal protection. However, Plaintiff does not assert facts that support a claim under the 14th Amendment, as he has not alleged that he was deprived of life, liberty, or property without due process. U.S. Const. amend XIV. Although he appears to believe there should have been some investigation prior to his termination, it is unclear how Defendant's alleged failure to investigate his prior termination from

an Arizona school results in a viable claim for double jeopardy, violation of due process, and violation of equal protection. Further, there are again insufficient facts for the Court to infer that Defendant acted under "color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). As Plaintiff has been granted two prior opportunities to remedies these defects, the Court will recommend dismissal as amendment is futile.

As for Plaintiff's second cause of action, he claims there is a contract of employment that rebuts the presumption of at-will employment. *Yeager v. Harrah's Club, Inc*., 897 P.2d 1093, 1095 (Nev. 1995). He claims that the contract is attached as Exhibit A. However, there is no Exhibit A attached to the SAC. Moreover, he again appears to be claiming wrongful termination based on discrimination. For that type of claim, NRS § 613.330 contains the appropriate remedy. *Sands Regent v. Valgardson*, 777 P.2d 898, 200 (Nev. 1989) (refusing to recognize a wrongful termination cause of action based on age discrimination where the employee could recover under federal and state discrimination statutes). As Plaintiff has been granted two prior opportunities to remedies these defects, the Court will recommend dismissal as amendment is futile.

As for Plaintiff's fourth cause of action under Title VII, he claims he was issued a right to sue by the EEOC, but again fails to attach it. The Court's prior screening order noted that Defendant Elaine Kelley was not named in the notice of right to sue so it cannot find that plaintiff exhausted his administrative remedies against this Defendant. Moreover, the SAC lists his national origin, gender, and military status as the bases for his discrimination claim, but then his fourth cause of action only raises sex discrimination. Additionally, to the extent Plaintiff seeks to allege a Title VII claim against an individual defendant, that is not permitted under Title VII. *See Miller v. Maxwell's Intern. Inc*., 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII"). Rather, Plaintiff may only bring suit against his former employer, who may be found liable for the actions of its employees under the respondeat superior theory of liability. As Plaintiff has been granted two prior opportunities to remedies these defects, the Court will recommend dismissal as amendment is futile.

For the reasons stated above, the complaint does not state a claim for which relief can be granted under federal law. With regard to Plaintiff's Nevada law-based claims, this Court does

not have jurisdiction as state law governs, not federal law, and the Court will not exercise supplemental jurisdiction, as the court is dismissing plaintiff's federal claims. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367 (a federal court may exercise supplemental jurisdiction over state claims if the court has original jurisdiction over related claims).

**II.     Conclusion**

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Second Amended Complaint be dismissed as amendment is futile, subject to his ability to bring his state law claims in state court.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: March 25, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

4